Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CUSTOM GROUP, LLC<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL DEPARTAMENTO DE LA VIVIENDA DE PUERTO RICO; DEPARTMENTO DE LA VIVIENDA DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>INNOVATIVE EMERGENCY MANAGEMENT, INC.; TETRA TECH, INC.<br><br>Licitadores agraciados<br><br>BRENDA MARRERO & ASOCIADOS GROUP, PLEXOS GROUP, LLC, FAMILY ENDEAVORS, INC., CSA ARCHITECTS & ENGINEERS, LLP; TIDAL BASIN CARIBE, LLC<br><br>Licitadores no agraciados | KLRA202400487 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Subastas del Departamento de la Vivienda de Puerto Rico<br><br>RFP Núm.: CDBG-DRMIT-RFP-2023-05<br><br>Sobre:<br>Request for proposal for program management services community energy and water resilience installations program, home energy resilience installations and incentive subprograms under the CDBG-DR CDBG-MT Puerto Rico, Department of Housing |
| --- | --- | --- |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 9 de septiembre de 2024.

Comparece ante nos la parte recurrente, Custom Group, LLC (Custom o recurrente), y nos solicita la revisión y revocación del Aviso de Adjudicación (*Notice of Award*) emitido por el Departamento de la Vivienda de Puerto Rico (Departamento de la Vivienda o recurrido) el 22 de julio de 2024, renotificada el 21 de agosto de 2024. Mediante el mismo, el referido organismo notificó la

Número Identificador

SEN2024 _____

adjudicación del requerimiento de propuestas a favor de Innovative Emergency Management, Inc. y Tetra Tech, Inc.

Hemos revisado con detenimiento el escrito, así como el apéndice sometido, y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).  Resolvemos.

En el presente caso, Custom recurre de la adjudicación del *Request for Proposals No. CDBG-DRMIT-RFP-2023-05*, cuya primera revisión judicial fue solicitada en el recurso con nomenclatura KLRA202400099 y, posteriormente, en un segundo recurso de denominación KLRA202400446, instados por Tidal Basin Caribe, LLC (Tidal). Ambos recursos fueron desestimados por esta Curia por falta de jurisdicción, ya que la notificación de la adjudicación del referido requerimiento de propuestas era defectuosa. Por tratarse del mismo *request for proposal*, acogemos por referencia, incorporamos y hacemos formar parte de este dictamen la relación de hechos, así como las conclusiones de derecho, esbozadas en dichas determinaciones.

Mediante *Sentencia* del 30 de agosto de 2024, notificada el 3 de septiembre del mismo año, en el KLRA202400446 determinamos que el *Notice of Award* notificado —por cuarta ocasión— por la agencia recurrida el 21 de agosto de 2024, se emitió sin jurisdicción. Allí, resolvimos que, si bien el organismo administrativo intentó corregir las deficiencias de las notificaciones previas, ello se realizó después de instado el mencionado recurso de revisión. Es decir, una vez que Tidal incoó el recurso de revisión con nomenclatura KLRA202400446 ante este Foro apelativo el 12 de agosto de 2024, automáticamente, privó de jurisdicción al Departamento de la Vivienda para modificar la notificación de adjudicación allí recurrida del 22 de julio de 2024. En virtud de ello, concluimos que el *Notice*

*of Award* emitido el 21 de agosto de 2024, cuya revisión se solicita en el recurso de epígrafe, es nulo.

En mérito de lo anterior, reiteramos que el Departamento de la Vivienda incumplió con los requisitos jurisdiccionales estatuidos para imprimir eficacia a su quehacer. La notificación de adjudicación aquí recurrida es nula, mientras que los demás intentos de notificación evaluados en los mencionados recursos han sido defectuosos e inadecuados, pues ninguno de ellos cumple con lo requerido por nuestro ordenamiento jurídico, según delineamos y detallamos en ambos recursos. Siendo así, las deficiencias identificadas y desglosadas en los dictámenes del KLRA202400099 y KLRA202400446, redundan en suprimir nuestra jurisdicción, hasta tanto se cuente con una notificación adecuada y conforme a la ley. Consecuentemente, el Departamento de la Vivienda debe subsanar los defectos del *Notice of Award* del 22 de julio de 2024 para que comiencen a decursar los términos de ley disponibles para que la parte recurrente, de entenderlo necesario, solicite la revisión judicial ante nos.

Por los fundamentos que anteceden, desestimamos el presente recurso de revisión judicial por falta de jurisdicción.

Se le requiere a la Secretaría del Tribunal de Apelaciones proceder con el desglose de los apéndices de esta causa para ser utilizados por la parte recurrente en el futuro, de interesar recurrir de la determinación, una vez la parte recurrida notifique correctamente a las partes su dictamen final.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente.**

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones